**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**MICHAEL MAGGIANO, ESQ.**
**Attorney ID No.: 014581974**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff, George Dixon*

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CAMDEN**

</div>

| | |
|---|---|
| **GEORGE DIXON,**<br><br>Plaintiff,<br><br>vs.<br><br>**A G TRUCK LOGISTICS, LLC,** **BENJAMIN F. LEWIS, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown),<br><br>Defendants, | Civil Action No.<br><br>*Civil Action*<br><br>**COMPLAINT, JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR CERTIFICATION OF INSURANCE COVERAGE, DEMAND FOR PRODUCTION OF DOCUMENTS, STATEMENT OF DAMAGES, D.D.S., AND CIVIL INFORMATION STATEMENT (CIS)** |

Plaintiff, **GEORGE DIXON**, by counsel, Maggiano, DiGirolamo & Lizzi, complaining of Defendants, **A G TRUCK LOGISTICS, LLC**, **BENJAMIN F. LEWIS, JR. JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), respectfully alleges upon information and belief, as and for a Complaint:

## JURISDICTION & VENUE

1.      That at all times hereinafter mentioned, Plaintiff **GEORGE DIXON** was and still is a resident of the City of Farmington, County of Dakota, and State of Minnesota.

2.      That all times hereinafter mentioned, Defendant **A G TRUCK LOGISTICS, LLC** is a business entity formed, maintains its principal place of business, and doing business in the State of New Jersey.

3.      That at all times hereinafter mentioned, Defendant **BENJAMIN F. LEWIS, JR.** was and still is a resident of the City of Glassboro, County of Gloucester, and State of New Jersey.

4.      Subject matter jurisdiction exists pursuant to 28 U.S.C. Sec 1332 in that, upon information and belief, there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.      Venue is properly laid pursuant to 28 U.S.C. Sec 1391 because upon information and belief, all defendants are residents of the State of New Jersey and/or because a substantial part or all of the events or omissions giving rise to the claims occurred in the State of New Jersey.

## THE PARTIES

1.      Plaintiff, **GEORGE DIXON** is a citizen of the State of Minnesota, residing in Farmington, Minnesota.

2.      Upon information and belief, the defendant, **A G TRUCK LOGISTICS, LLC** is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located in the State of New Jersey.

3.     Upon information and belief, the defendant, **BENJAMIN F. LEWIS, JR.**, is a citizen of the State of New Jersey and resides in Glassboro, New Jersey.

### FIRST COUNT

4.     On or about May 14, 2021, the plaintiff, **GEORGE DIXON,** was the restrained owner/operator of a 2015 Kenworth TT Semi truck and was traveling Southbound on New Jersey Turnpike near milepost 34.70, in the Township of Moorestown, County of Burlington and State of New Jersey.

2.  Due to traffic conditions then and there existing along the New Jersey Turnpike South, the plaintiff was required to bring his tractor and trailer to a standstill for vehicular traffic immediately ahead of him.

3.   At the time and place aforesaid, the Defendant, **BENJAMIN F. LEWIS, JR.,** was the operator of a commercial Semi truck, owned by the Co-defendants, **A G TRUCK LOGISTICS, LLC, ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), which the defendant, **BENJAMIN F. LEWIS, JR.,** was operating with the permission of said owners, the above-named Co-Defendants as agent, servant and/employee traveling southbound on the New Jersey Turnpike but at some distance behind the plaintiff's stopped tractor and trailer.

4.  At the time and place aforesaid, all of the Defendants above named, owed a duty to vehicular traffic and the general public making use of the above-described highway and more particularly to the Plaintiff, **GEORGE DIXON**, through their agents, servants and employees maintaining and operating said tractor and trailer combination, to operate and control their tractor-trailer rig in a reasonably safe and careful manner, and further to make observation of

other vehicles on the highway and maintain control of its motor vehicle, its instrumentalities and parts, at all times.

5.   At the time and place aforesaid, the defendants did breach the requisite duty of due care and applicable statutory sections of the New Jersey Motor Vehicle and Traffic Laws and the statutory provisions and regulatory provisions of the Federal Motor Carrier Safety Act in maintaining and operating the above-described commercial vehicle in such a negligent, careless, grossly negligent and reckless manner, in that by and through its agent, servant and/or employee, the defendant, **BENJAMIN F. LEWIS, JR.**, as he failed to observe, caused and permitted the afore-described commercial tractor and trailer combination of the defendants to crash into the stopped automobile operated and occupied by the plaintiff, **GEORGE DIXON** causing the plaintiff to sustain and suffer severe and permanent injuries and other damages hereafter alleged, all of which was a foreseeable harm and loss caused by the aforesaid negligence, gross and reckless conduct complained of and committed by the defendants as above referred.

6.   Upon information and belief, Defendants **A G TRUCK LOGISTICS, LLC, ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), was transportation broker which arranged for the transportation of the materials being transported at the time and place aforesaid and owed a duty to assure that the tractor and trailer combination for transport was reasonably safe and the operator competent for the operation of said tractor and trailer combination.

7.   Said Defendant broker, **A G TRUCK LOGISTICS, LLC, ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X**

(said names being fictitious, true names presently unknown), was negligent in entrusting the subject tractor/trailer to the negligent and incompetent operator, **BENJAMIN F. LEWIS, JR.**

8.  As a result of the negligence, gross negligence and reckless conduct of the respective defendants, as hereinabove set forth, the Plaintiff, **GEORGE DIXON**, was caused to sustain severe and serious injuries to his head, neck, back, body, limbs and nervous system, which further caused him to suffer severe and excruciating pain, as well as, extreme mental anguish, pre-impact terror and the extreme shock, horror and mental anguish of witnessing from the occupant compartment of his automobile, the impending violent collision and resulting trauma in great fear of his daughter also about to suffer severe and serious physical injuries and perhaps death.  Upon information and belief, said injuries suffered by Plaintiff, **GEORGE DIXON**, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the Plaintiff, **GEORGE DIXON**, was required to expend sums of money for medical care and attention, which were administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, **GEORGE DIXON,** in the future will be required to submit to further medical attention.  As a further result of said injuries, Plaintiff, has been unable to perform his usual daily work, employment, tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and the plaintiff was otherwise damaged.

Plaintiff, **GEORGE DIXON** demands judgment against the defendants, jointly, severally, and/or in the alternative together with costs, disbursements of suit, interest, and, such other relief so deemed just by the Court.

## <u>SECOND COUNT</u>

1.      Plaintiff, **GEORGE DIXON**, repeats, reiterates and realleges each allegation of the Factual Background and the First Count as if the same were more fully set forth herein at length.

2.      On or about May 14, 2021, the defendants, knew or should have known that Defendant, **BENJAMIN F. LEWIS, JR.,** had in the past negligently and carelessly operated the above referenced tractor/trailer combination and/or other commercial or personal motor vehicles.

4.      On or about May 14, 2021, the Defendant, **BENJAMIN F. LEWIS, JR.,** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), operated the above-described tractor-trailer combination in such a careless, reckless, grossly negligent and/or negligent manner that he crashed into the  rear of the automobile operated and occupied by Plaintiff, **GEORGE DIXON**, which caused the plaintiff to sustain injuries and other damages hereinafter alleged.

5.      Upon information and belief and at all times hereinafter mentioned, the **A G TRUCK LOGISTICS, LLC, ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), any or all of them, acted with the negligence, carelessness, gross negligence and/or recklessness regarding the safety of the general public at large, and the Plaintiff, **GEORGE DIXON** more particularly, in enabling, permitting and/or entrusting the defendant, **BENJAMIN F. LEWIS, JR.,** to obtain the use of the commercial tractor/trailer combination, an inherently dangerous instrumentality, without reasonably and adequately investigating the defendant, **BENJAMIN F. LEWIS, JR.,** driving records and/or history.

6.      As a direct and proximate result of the negligence, carelessness and reckless disregard of the defendants, in permitting, entrusting and/or enabling the defendant,

**BENJAMIN F. LEWIS, JR.,** to possess and operate said commercial tractor/trailer in a negligent manner as described above, the said plaintiff, was caused to sustain and suffer severe and serious injuries to his head, neck, back, body, limbs and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the plaintiff has incurred expenses for the treatment of said injuries and will in the future be required to incur additional medical expenses in an attempt to seek cure and/or alleviate said injuries and the disabling effects resulting therefrom. The plaintiff, **GEORGE DIXON**, has been unable to perform his usual daily tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically and the Plaintiff was otherwise damaged.

**WHEREFORE**, the plaintiff, **GEORGE DIXON,** demands judgment against the defendants, jointly, severally and/or in the alternative together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

## THIRD COUNT

1.      Plaintiff, **GEORGE DIXON** repeats, reiterates and realleges each and every allegation of the Factual Background, First and Second Counts as if the same were more fully set forth herein at length.

2.      The defendants, any or all of them, maintained the subject commercial tractor and trailer and its component parts, in such a careless and reckless manner so as to cause a violent and crash resulting in severe and serious injuries to Plaintiff, **GEORGE DIXON.**

3.      Due to the negligent, careless, and reckless maintenance of the commercial vehicle, by the defendants, the plaintiff, **GEORGE DIXON**, has been caused to suffer permanent injuries and other damages as herein set forth.

**WHEREFORE**, the plaintiff, **GEORGE DIXON,** demands judgment against the defendants, jointly, severally, and in the alternative together with costs, disbursements of suit and interest and other such relief the Court shall deem just

By:     _s/ Michael Maggiano_
         MICHAEL MAGGIANO, ESQ.
         **Maggiano, DiGirolamo & Lizzi, P.C.**
         _Attorneys for Plaintiff_

Dated: June 2, 2022

## JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiff hereby demand a Trial by Jury on all the issues raised in the within Pleadings.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to our R. 4:25-4, **MICHAEL J. MAGGIANO, Esq.** is designated as Trial Counsel.

## <u>CERTIFICATION</u>

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

By:    <u>s/ *Michael Maggiano*</u>
MICHAEL MAGGIANO, ESQ.
**Maggiano, DiGirolamo & Lizzi, P.C.**
*Attorneys for Plaintiff*

Dated:  June 2, 2022

## <u>NOTICE TO TAKE ORAL DEPOSITIONS</u>

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the respective persons and parties below and any persons having relevant knowledge in signing answers to interrogatories on behalf of the Defendants, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on **Wednesday**, **November 16, 2022, at 10:00 a.m.**, at the offices of **MAGGIANO, DiGIROLAMO, & LIZZI, PC,** 201 Columbia Avenue, Fort Lee, New Jersey 07024, with respect to all matters relevant to the subject matter involved in this action:

1. **BENJAMIN F. LEWIS, JR.**
2. In accordance with Rule 4:14-2 the representative of **A G TRUCK LOGISTICS, LLC,** having the most relevant knowledge of the facts presented herein and regarding the retainment of **BENJAMIN F. LEWIS, JR.**
3. **Safety Director for A G TRUCK LOGISTICS LLC**
4. **OWNER OF A G TRUCK LOGISTICS, LLC**
5. **PERSON IN CHARGE OF PURCHASING ALL BUSINESS LIABILITY INSURANCE FOR A G TRUCK LOGISTICS, LLC**
6. In accordance with Rule 4:14-2, the representative of **A G TRUCKING LOGISTICS, LLC,** has the most relevant knowledge regarding the business operations of said defendant.

By:     s/ *Michael Maggiano*
MICHAEL MAGGIANO, ESQ.
**Maggiano, DiGirolamo & Lizzi, P.C.**
*Attorneys for Plaintiff*

Dated: June 2, 2022

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
Michael Maggiano, Esq. (014581974)
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
File No.: 5701-MDL
*Attorneys for Plaintiff, George Dixon*

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CAMDEN**

</div>

| | |
|---|---|
| **GEORGE DIXON,** <br><br>            Plaintiff, <br><br> vs. <br><br> **A G TRUCK LOGISTICS, LLC, BENJAMIN F. LEWIS, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), <br><br>            Defendants, | Civil Action No. <br><br> *Civil Action* <br><br> **STATEMENT OF DAMAGES** |

        Pursuant to <u>Rule</u> 4:5-2, the following is the amount of damages claimed in the above-entitled action.

        $5,000,000.00

<div align="center">

**MAGGIANO, DiGIROLAMO & LIZZI**
*Attorneys for Plaintiff*

</div>

By:     */s/ Michael Maggiano*
             **Michael Maggiano**

Dated: June 2, 2022

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff requests that answers to interrogatories be provided in accordance with the New Jersey Supreme Court Civil Practice Rule. 4:17-1(b)(ii). Accordingly, Plaintiff hereby demands that, in lieu of service of interrogatories, Defendants **BENJAMIN F. LEWIS, JR**., and **A G TRUCK LOGISTICS, LLC**, each provide answers to the uniform interrogatories set forth in Form C and C (1) of Appendix II.  Pursuant to R.4:17-4(b), Defendant shall serve answers upon Plaintiff within sixty (60) days from the date of receipt of this Demand.

Plaintiff reserves the right to propound supplemental interrogatories.


By:     **s/ _Michael Maggiano_**
         MICHAEL MAGGIANO, ESQ.
         **Maggiano, DiGirolamo & Lizzi, P.C.**
         *Attorneys for Plaintiff*


Dated: June 2, 2022

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
Michael Maggiano, Esq. (014581974)
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
File No.: 5701-MDL
*Attorneys for Plaintiff, George Dixon*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### CAMDEN

| | |
|---|---|
| **GEORGE DIXON,**<br><br>        Plaintiff,<br><br>vs.<br><br>**A G TRUCK LOGISTICS, LLC, BENJAMIN F. LEWIS, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown),<br><br>        Defendants. | **Civil Action No.**<br><br>*Civil Action*<br><br><br>**SUPPLEMENTAL INTERROGATORIES** |

      **Consistent with Rule 26 (b)** Plaintiff hereby requests Defendant **BENJAMIN F. LEWIS, JR** provide answers to the following demand for supplemental interrogatory answers within the time prescribed by the Rules of Court.

1.      State the name(s) and address(es) of each destination where you traveled to in the vehicle you operated on the date of incident, May 14, 2021, and the destinations you intended to travel to on the same date.

2.      Where were you driving from and to at the actual time of incident?


3.      State whether you were in the course of your employment at the time of incident. If yes, identify (i) the name and address of your employer, (ii) the scope of your duties, (iii) job title and (iv) name of direct supervisor.

4.      Were you aware of, or had you in the past, experienced any mechanical issues with this subject tractor/trailer that you were operating on May 14, 2021, or any other vehicle that was provided to you by the co-defendants.

5.      As to **BENJAMIN F. LEWIS, JR**, provide your cell phone number and cellular phone carrier at the time of the collision.

6.      As to **BENJAMIN F. LEWIS, JR**, state when you first contacted your employer, after the collision to provide notice of the incident. Identify the individual(s) with whom you spoke about this incident.

7.      What information did you provide to your employer and their commercial liability carrier, either orally or in writing, concerning the incident? Identify and produce copies of written statements or documentation provided by you to your employer's commercial liability carrier following the subject incident.

8.      State any and all repairs and/or replacements to the Defendants' subject tractor in the one-week period prior to the occurrence herein complained of.

9.       State the name and address of all occupants of the tractor herein involved at the time of the collision complained of.

10.     State the purpose of the presence of each occupant in the subject tractor at the time of the incident complained of.

## <u>CERTIFICATION</u>

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BY:     _____

          **BENJAMIN F. LEWIS, JR**

Dated: _____

## **CERTIFICATION**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BY: _____

**A G TRUCK LOGISTICS, LLC**

Dated: _____

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to **Fed. R. Civ. Proc. 26 (a) (1) (iv) and Rule 26 (b) (2)** demand is hereby made that the Defendants, respectively disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

This request applies also to information regarding excess, umbrella, or other supplemental insurance policies available to each defendant.

In accordance with **Fed. R. Civ Proc. 26 (g)** an Affidavit of Completeness is required in the form that follows this demand.

**You are to provide true copies of all applicable policies of liability insurance, both general liability coverage and umbrella/excess coverage that will provide indemnification coverage to the subject defendants regarding the incident complained of.**

Furthermore, for each policy available whether primary, excess, umbrella or otherwise supplemental coverage, please provide the following information under oath or certification, in the space provided: (If additional space is required, kindly attach a rider to this demand) (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

By:    *s/ Michael Maggiano*
MICHAEL MAGGIANO, ESQ.
**Maggiano, DiGirolamo & Lizzi, P.C.**
*Attorneys for Plaintiff*

Dated: June 2, 2022

## <u>AFFIDAVIT OF COMPLETENESS</u>

The following affidavit is provided in accordance with <u>**Fed. R. Civ. Pro. 26 (g).**</u>

My name is _____, my position is _____, and I hereby aver and attest upon my oath on behalf of the **A G TRUCK LOGISTICS, LLC** that I have reviewed the demand for Discovery of Insurance Coverage, all applicable policies of liability insurance, both general liability coverage and umbrella/excess coverage that will provide indemnification coverage and that I have made or caused to be made a good faith search for documents responsive to the request. I further aver and attest that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others.

I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

The following is a list of the identity and source of knowledge of those who provided information to me:

1. Name:
   Source of Knowledge:

2. Name:
   Source of Knowledge:

3. Name:
   Source of Knowledge:

**I aver and attest that all of the above information is true to the best of my knowledge, and I understand that if any of the information is willfully untrue and misleading, I may be subject to punishment.**

<u>Signature</u>: _____

Date:

<u>Print Name</u>: _____

## **<u>CERTIFICATION OF ACKNOWLEDGEMENT</u>**

**State of New Jersey**

**County of**

**_____,**

**On _____20___ before _____, Notary Public in and for said**

(Notary's Name Print)

**county, personally appeared _____, _____,**

(Signer/Witness)                          (Signer/Witness)

**Who has/have satisfactorily identified him/her/themselves as the signer(s) or/witness(es) to**

**the above-referenced documents in regard to the case of <u>George Dixon v A G Truck**

**Logistics, LLC, et al.</u>**

(*Notary Stamp Here*)

My commission Expires _____: _____

Signature                                            Date

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that in accordance with the Federal Rule of Civil Procedure 34, Plaintiffs hereby requests that Defendants produce within thirty (30) days of receipt hereof, copies of the documents described herein and deliver same to the offices of Maggiano, DiGirolamo, & Lizzi, 201 Columbia Avenue, Fort Lee, NJ 07024.

## DEFINITIONS AND INSTRUCTIONS

A.  These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered responsive hereto.

B.  If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of documents, its date, author(s), addressee(s), if different its recipient(s), and its general subject matter.

C.  Documents produced in response to these requests shall be produced in such a manner so as to identify the specific request to which they relate.

D.  As used herein, the term "document" means, by way of illustration and not by way of limitation, the following items, whether printed or records or reproduced by any other mechanical process, written produced by hand, produced or stored in a computer, regardless of origin or location:  books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, licenses, books of account, orders invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analysis, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind or any other and all other data compilations from which information can be obtained and translated if necessary.

E.    As used herein, the term, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

F.    As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

G.    As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include the response any document that might be deemed nonresponsive by any other construction.

H.    As used herein, "communication" means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

## **DOCUMENTS TO BE PRODUCED**:

1.      All captions and docket numbers of every personal injury action these Defendants have ever been a defendant in, including pending actions.

2.      Any and all written statements, as well as oral statements reduced to writing, of Plaintiff.

3.      Any and all written statements, as well as oral statements reduced to writing, of these Defendants.

4.      Any and all written statements, as well as oral statements reduced to writing, of any and all other parties to this action.

5.      Any and all written statements, as well as oral statements reduced to writing, of any/all agents, servants and employees of this Defendant, which in any way involve and/or discuss the Plaintiff, and/or the subject incident.

6.      Any and all written statements or oral statements reduced to writing of any/all witnesses to any aspects of the incident complained of, as well as of any aspects of Plaintiff's claims.

7.      Any and all Central Index Bureau and/or Index System Reports regarding the Plaintiff.

8.      Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the incident complained of, as well as any and all aspects of Plaintiff's claim.

9.      Copy any statements given by Defendant **BENJAMIN F. LEWIS, JR** to his employer regarding the subject collision as required by company policies and procedures.

10.      Copies of any and all subpoenas served by these Defendants in this matter.

11.      Copies of all documents and any other information obtained through subpoenas, and/or medical authorizations signed by Plaintiff.

12.      Copies of all documents and any other information obtained from any of Plaintiff's medical providers, acquired by way of subpoena(es) and/or medical authorization(s), or by any other means.

13.      Full copy of the property damage file for the defendant's vehicle involved in the collision with clear color photographs of said damage.

14.      Full copy of the property damage file for Plaintiff's vehicle involved in the collision with clear color photographs of said damage.

15.     Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject incident, and/or any/all claims of the Plaintiff, made to/by a police official/department and/or any governmental authority.

16.     Any and all photographs, motion pictures, videos and/or surveillance reports of the Plaintiff.

17.     Copy of the Curriculum Vitae of each proposed expert witness of these Defendants.

18.     The name and address and title of each agent, servant and/or employee of any and all of Defendants' medical experts who we are present during any/all examinations and/or interviews or any other aspects of defense medical/psychiatric IME's of the Plaintiff.

19.     Any and all intake sheets, patient questionnaire forms or other documents filled out and/or completed or drafted pursuant to any and all defense examinations of the Plaintiff, taken or to be taken in this matter.

20.     Clear and complete copies of any and all reports of any and all defense experts, whether or not intended to be called at the time of trial.

21.      Copy of the Human Resource File of Defendant, **BENJAMIN F. LEWIS JR**.

22.     Any and all correspondence, as well as oral communications reduced to writing, between the named Defendants' and any other party to this action.

23.     Any and all written reports or oral reports reduced to writing that include whether Defendant or anyone on behalf of these Defendants' have knowledge of any other personal injury claim(s) or lawsuit(s) made by the Plaintiff, either prior to or subsequent to the date of the incident complained of and attach a copy of all written documents relating thereto that are in the possession of these Defendants.

24.     Any and all documents regarding or relating to any other injuries, illnesses, medical conditions and/or psychiatric conditions sustained by the Plaintiff, whether before or after the date of the incident complained of.

25.     Any and all copy of endorsement of MCS 90 Form regarding the Defendants' insurance company.

26.     Any and all documents, including but not limited to, incident reports, photographs, tape recordings, films, videotapes, motion pictures, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to circumstances surrounding the subject incident.

27.     Any and all documents, including but not limited to, photographs, videos, films, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to Plaintiff's physical condition on or after the date of the incident complained of.

28.     Any and all written reports and/or oral reports reduced to writing of the subject incident and/or circumstances relating to the subject incident, made by these Defendants and/or to these Defendants and or by any servant, agent and/or employee of these Defendants, and/or to any servant, agent and/or employee of these Defendants.

29.     Name and address of each agent, servant and/or employee of these Defendant and/or of Defendants' insurance company and/or insurance broker and/or insurance agent, spoke with Defendants at any time since the moment of the incident complained of, and the dates and time of said conversations, and whether or not said conversation(s) were in person or over the telephone, and who initiated the call or contact, and how this person received notice of the said incident.

30.     True copies of any and all investigative reports pertaining to the subject incident.

31.     Any and all incident and/or accident, and/or injury reports, filed, made or drafted by or on behalf of these Defendants, and/or received by these Defendants, as a result of the May 14, 2021, incident complained of.

32.     Any and all records, reports, and/or other documents upon which this Defendant will rely upon at the time of trial.

33.     Any and all photographs, and/or videotapes depicting these Defendants' tractor and trailer on and since the incident of May 14, 2021.

34.     Any and all photographs, and/or videotapes depicting any other vehicles involved in the subject collision May 14, 2021.

35.     Any and all photographs, and/or videotapes depicting damage to any tangible property as a result of the collision of May 14, 2021.

36.     Any and all photographs, videotapes, sketches, drawings, blueprints, and/or diagrams of the subject collision scene.

37.     Any and all photographs, and/or videotapes depicting the Plaintiff's vehicle since the collision of May 14, 2021.

38.     Any and all invoices, estimates and/or repair bills setting forth the damages and repairs to Plaintiff's vehicle as a result of the subject auto accident.

39. Any and all invoices, estimates and/or repair bills setting forth the damages and repairs to Defendant's vehicle as a result of the subject auto accident

40.     Copy of front and back of Defendant's Driver's License(s).

41.     Copy of these defendants' truck and trailer insurance policies, including personal and business motor vehicle policies, as well as any excess insurance policies and umbrella policies, relevant to the subject collision.

42.     Copies of any and all written reports and/or oral reports reduced to writing of the subject incident, made to/by the police department and/or any governmental authority.

43.     Names and current addresses of all occupants to these Defendants' vehicle at the time of the subject collision.

44.     Name and address of the individual(s) who last inspected these Defendants' vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant and/or employee of this Defendant (e.g., daily inspections prior to operation).

45.     Pursuant to Pfender v. Torres, 336 N.J.Super. 379 (App. Div. 2001), identify and produce copies of all written statements, transcribed statements, oral recordings, photographs, drawings, diagrams, investigative materials, forms, authorizations and/or other documentation provided by **BENJAMIN F. LEWIS, JR** to any liability company following this incident.

46.     All cellular phone records for **BENJAMIN F. LEWIS, JR.,** and/or any phones registered to the business for the use by **BENJAMIN F. LEWIS, JR.,** and any others living in the same household as defendant.

47.     Itemized list of medication(s) and HIPAAs used by Defendant, **BENJAMIN F. LEWIS, JR,** on the day of and prior to the motor vehicle accident of May 14, 2021.

48.     Defendants' motor vehicle insurance property damages report of the subject vehicle.

49.     A copy of any and all onboard monitoring device data, including data from GPS satellite positioning and messages to/from the vehicle to the company.

50.     A copy of the ECM (Electronic control Module) data report from the month prior to the accident and the date of the accident.

51.     A copy of any and all records related to the installation, repair, maintenance, and/or upkeep of the brakes, as well as the braking system(s), for the vehicle involved in the accident.

52.     All inspection reports, of the subject commercial vehicle of Defendants conducted as a result of the collision complained of.

53.     All bills for repairs and estimates for property damage to Defendants' commercial vehicle as a result of the collision complained of.

54.     (a) True, clear and complete copies of all reports and statements Defendant, **BENJAMIN F. LEWIS, JR.,** was required to prepare and submit to any municipal, state and/or federal agency (including ICC reports) regarding the incident complained of. (b) True clear and complete copies of all statements made by Defendant, **BENJAMIN F. LEWIS, JR.,** to his employer required in the usual course of the business when a driver is in a motor vehicle collision. (c) True clear and complete copies of all statements made by Defendant **BENJAMIN F. LEWIS, JR.,** to any and all insurance carriers requesting statements of the incident complained of.

55.     Complete and clearly readable copies of all trips and/or operational documents pertaining to the movement of cargo by **BENJAMIN F. LEWIS, JR.,** and/or any of his accompanying co-driver(s), or driver trainers **May 14, 2021, through the delivery date** and time of the cargo he may have been transporting at the time the accident occurred (May 14, 2021):

  a.   Complete and clearly readable copies of **BENJAMIN F. LEWIS, JR's, trip reports** and/or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by **BENJAMIN F. LEWIS, JR.,** inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records **excluding only those documents known as "driver's daily logs or driver's record of duty status".**

  b.   Complete and clearly readable copies of all receipts for any **trip expenses or purchases** made by **BENJAMIN F. LEWIS, JR.,** or his co-driver during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

  c.   Complete and clearly readable copies of all **cargo pickup or delivery documents** prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of **BENJAMIN F. LEWIS, JR.**

  d.   Complete and clearly readable copies of any and all written requests, letters, memoranda, instructions, or **orders, for transportation** of cargo prepared by Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the operations and cargo transported by **BENJAMIN F. LEWIS, JR.**

  e.   Complete and clearly readable copies of all equipment or **cargo loading, unloading or detention** of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of **BENJAMIN F. LEWIS, JR.**

f.   Complete and clearly readable copies of all cargo transported **freight bills, Pro's** or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by **BENJAMIN F. LEWIS, JR.,** or his co-driver(s).

g.   Complete and clearly readable copies of all written instructions, orders, or advice given to **BENJAMIN F. LEWIS, JR.,** in reference to **cargo transported**, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by **A G TRUCK LOGISTICS, LLC**, shippers, receivers, or any other persons or organizations for May 14, 2021.

h.   Complete and clearly readable copies of any driver **call-in records** or otherwise described written records indicating any communications between **BENJAMIN F. LEWIS, JR** and **A G TRUCK LOGISTICS, LLC** on May 14, 2021.

i.   Complete and clearly readable copies of any and all **state fuel or oversize special permits** and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.  The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movements of **BENJAMIN F. LEWIS, JR** and/or his co-drivers during the requested time period.

j.   Complete and clearly readable copies of any and all **trip leases or trip lease contracts** involving **BENJAMIN F. LEWIS, JR.,** and/or his co-drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between the Defendants and any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consists of any documents created or generated in reference to the trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of drivers qualification and include other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of **BENJAMIN F. LEWIS, JR.,** and/or his co-drivers, and,

k.   Complete and clearly readable copies of any and all other **"operational** or **trip related documents"** created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities, movements, cargo and trips accomplished by **BENJAMIN F. LEWIS, JR.,** and/or his co-drivers during the time period requested.

l.   The driver logs of his deliveries on the seven days previous to the incident, logs for the day of the incident complained of.

m.   All fuel receipts for the vehicle operated by Defendant, **BENJAMIN F. LEWIS, JR.,** incurred on the subject vehicle for the seven-day period prior to and up to the incident complained of.

n.   The bill of lading for the materials/cargo carried by Defendant's subject vehicle at the time of the incident complained of.

56.   Complete and clearly readable copies of all **bills of lading and/or cargo manifest** prepared or issued by any shippers, brokers, transporting motor carrier's personnel, receivers of cargo or any of the Defendants. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, **that show signed receipts for cargo delivered** along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by **BENJAMIN F. LEWIS, JR.**

57.   Complete and clearly readable copies of **dispatch and/or operational records** indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form.  This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of **BENJAMIN F. LEWIS, JR** for the two-month period prior to May 14, 2021.

58.   Complete and clearly readable copies of all **accounting records**, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for **A G TRUCK LOGISTICS, LLC** by **BENJAMIN F. LEWIS, JR.,** and/or his co-drivers for the two-month period prior to May 14, 2021.

59.   Complete and clearly readable copies of all initial or rough driver's **trip check-in or financial settlement sheets** along with all final trip accounting documents, and computer-generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to **BENJAMIN F. LEWIS, JR.,** with reference to **BENJAMIN F. LEWIS, JR's** trip(s).  This specifically includes any summary type documents showing all payments made to **BENJAMIN F. LEWIS, JR.,** and/or his co-drivers regardless of the purpose of payment or period of time payment was made for.

60.   Complete and clearly readable copies of any and all motor carrier or driver created **trip fuel mileage and purchase reports** or records.  This specifically includes all documents and computer-generated documents, regardless of form or subject, received from any source such as the organization known as **"COMCHEK"**, or generated for or by **A G TRUCK LOGISTICS, LLC showing date, time and location of fueling or other purchases by BENJAMIN F. LEWIS, JR.,** and/or his co-drivers while on the trips requested herein.

61.   Complete and clearly readable copies of **all checks** or otherwise described negotiable instruments issued to **BENJAMIN F. LEWIS, JR.,** or his co-driver(s) given in

payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendants. Specifically **copies of both the "front and back" of each check** and/or comchek issued to **BENJAMIN F. LEWIS, JR.**, or any of his co-drivers is requested.

62. The schedule and route description for Defendant, **BENJAMIN F. LEWIS, JR.**, for the day of the accident complained of.

63. Mileage logs of Defendant **BENJAMIN F. LEWIS, JR.,** for the seven-day work period prior to and up to the time of the incident complained of.

64. All records of the Defendants stating the driving hours and resting hours of Defendant, **BENJAMIN F. LEWIS, JR.,** for the seven-day period prior to and up to the incident complained of.

65. All records showing the vehicles operated by Defendant, **BENJAMIN F. LEWIS, JR.,** during the 14-day period prior to the incident complained of.

66. The protocols of Defendant, **A G TRUCK LOGISTICS, LLC**, for the handling of a reported accident by a driver from the road.

67. All the records kept by the Custodian of Records for Defendant, **A G TRUCK LOGISTICS, LLC regarding** the incident complained of.

68. All records of inspection of the Defendant, **A G TRUCKING LOGISTICS, LLC and/or A G TRUCKS** involved in the subject collision made and kept by Defendant in the course of its business.

69. All company protocols and directives of Defendant, **A G TRUCK LOGISTICS, LLC** regarding the reporting of motor vehicle accidents by its drivers.

70. The Safety Check system for defendant, **A G TRUCK LOGISTICS, LLC** regarding its placed in-service vehicles.

71. True copies of all, **A G TRUCK LOGISTICS, LLC** safety protocols and videos provided to its drivers for review and study in preparation for employment.

72. True copies of the company's driver safety courses and/or programs and certification required of its drivers to be completed on a yearly or periodic basis to keep current with all standards and regulations.

73. All, **A G TRUCK LOGISTICS, LLC** Standard Operating Procedure and/Training Manual regarding truck driver safety and education.

74. Any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

75.    (a) Defendant **A G TRUCK LOGISTICS, LLC** Human Resources employee file on Defendant, **BENJAMIN F. LEWIS, JR.,** (b) Defendant, **BENJAMIN F. LEWIS, JR's** employment application to **A G TRUCK LOGISTICS, LLC.** (c) The health records and records of periodic physical examination of Defendant, **BENJAMIN F. LEWIS, JR.,** obtained and kept by Defendant, **A G TRUCK LOGISTICS, LLC.** (d) Previous employer checks; (e) Criminal background history and documents; (f) Documents related to the release of Drug & Alcohol Screening; (g) Copies of any and all payroll records for **BENJAMIN F. LEWIS, JR.,** for the month before, the week of, and the month after the collision. (h) A copy of the Defendant driver's drug and alcohol file including:

      i.    Pre-employment drug and alcohol screening results and documents;
      ii.   Copies of pre-collision drug & alcohol screening results and documents;
      iii.  Copies of post-collision drug & alcohol screening results and documents

76.    All Department of Motor Vehicles abstracts that Defendant, **A G TRUCK LOGISTICS, LLC** obtained regarding the driving record of Co-Defendant, **BENJAMIN F. LEWIS, JR.,** and a copy of his commercial driver's license (CDL) with the proper endorsements.

77.    True copies of the, **A G TRUCK LOGISTICS, LLC** Policies and Procedures setting forth commercial vehicle driver qualifications and standards.

78.    True clear copies of all results of periodic drug testing of Defendant, **BENJAMIN F. LEWIS, JR.**

79.    All health records of defendant, **BENJAMIN F. LEWIS, JR.,** including health exam reports and certifications required for continued employment as well as all records clearing the defendant, **BENJAMIN F. LEWIS, JR.** regarding sleep apnea and treatment received.

80.    The cell phone number and cell phone provider of the Defendant, **BENJAMIN F. LEWIS, JR.,** and true copies of his cell phone records for the day and evening of the incident complained of showing the time and length of all incoming and outgoing calls.

81.    True clear copies of any and all statements made by Plaintiff, **GEORGE DIXON,** to any party regarding the incident complained of.

82.    Complete and clearly readable copies of the "Driver Qualification File" maintained by any of the Defendants on **BENJAMIN F. LEWIS, JR.,** along with any other documents contained therein, in their precise state of existence on the date of the accident (May 14, 2021):

a.  Any pre-employment questionnaires or other documents secured from.

  **BENJAMIN F. LEWIS, JR.,** prior to employment.

b.  All inquiries made by the defendant A G Truck Logistics LLC to prior employers of Defendant Lewis and all responses.

c.  Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of **BENJAMIN F. LEWIS, JR.**

d.  All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to **BENJAMIN F. LEWIS, JR.**

e.  All of **BENJAMIN F. LEWIS, JR's** annual violation statements which should include one for each twelve months of contract or employment with the

Defendant motor carrier in this case.

f.  All actual driver's motor carrier road tests administered to **BENJAMIN F. LEWIS, JR.**

g.  All actual driver's motor carrier written tests administered to **BENJAMIN F. LEWIS, JR.**

h.  All road and written test certificates issued by **A G TRUCK LOGISTICS, LLC,** or any other motor carrier or organization to **BENJAMIN F. LEWIS, JR.** regardless of the date issued or the originator of such certificates.

i.  All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by **A G TRUCK LOGISTICS, LLC** from past employers of **BENJAMIN F.   LEWIS, JR.**

j.      All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by any of the Defendants, or other organizations on behalf of defendants, from state or federal governmental agencies relative to **BENJAMIN F. LEWIS, JR's** traffic and accident record.

j.      Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related      cards   in   the   possession of any of the Defendants regardless of card issuance date or origin.  This specifically includes cards, as previously described herein, issued      by   other   motor   carriers   to **BENJAMIN F. LEWIS, JR.,** or his co-drivers presently in their personal possession.

k.      All annual reviews, file reviews or file summaries and related documents found in the driver qualification file of **BENJAMIN F. LEWIS, JR**.

l.      All documents relative to any drug testing of **BENJAMIN F. LEWIS, JR** and

m.      Any and all other contents of **BENJAMIN F. LEWIS, JR 's** driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

83.   Complete and clearly readable copies of any and all other documents added to **BENJAMIN F. LEWIS, JR's** "Driver Qualification File" from May 14, 2021, to the present date, as presently maintained by **A G TRUCK LOGISTICS, LLC**.

84.   The driver's complete driver qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

a. Any pre-employment questionnaires or other documents prior to employment

b. Application for employment

c. CDL license

d. Driver's certification of prior traffic violations

e. Driver's certification of prior collisions

f. Driver's employment history

g. Pre-employment Monitor Motor Vehicle records

h. Annual MVR

i. Annual review of driver history

j. Certification of road test

k. All medical examinations

l. Medical examiner's certificate

m. HazMat or other training documents

n. All drug and alcohol testing records of the driver

o. All inquiries and responses regarding the driver's employment history

p. All annual violation statements which should include one of each twelve months of contract or employment with the Defendant motor carrier in this case, if any

q. All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. mail emails, personal contact or telephone inquiries and results directed to or received by **A G TRUCK LOGISTICS, LLC** from past employers of **BENJAMIN F. LEWIS, JR**

r. All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by any of the Defendants, or other organizations on behalf of defendants, from state or federal governmental agencies relative to **BENJAMIN F. LEWIS, JR** traffic and accident record

85. Any and all personnel files, or any similar files, maintained by you regarding your driver or this collision, outside of the driver qualification file.

86.     The driver's post-collision alcohol and drug testing results, if conducted, who performed the test and please provide the HIPPA authorization for the test results.

87.     The accident register maintained by the motor carrier as required by federal law for the three (3) year period preceding this collision. (FMCSR 390.15), including any associated law enforcement reports.

88.     All Keep Truckin', Samsara, Verizon, OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision, the day of the collision and six (6) months after the collision for this driver, truck, and trailer.

89.     Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the collision, the day of the collision, and thirty (30) days after the collision.

90.     All letters, reports, and written material from a government entity involving safety, and safety ratings for the company and driver to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on your company or driver pursuant to SAFERSYS or CSA. The request is limited to one (1) year prior to the wreck and any subsequent document, report, letter, or other material (to include electronically transmitted information) that includes the date of the wreck or the driver.

91.     The front and back of the driver's daily logs and the co-driver's logs (if any) for the day of the collision, and the six-month period preceding the collision, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver(s) involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party.  This specifically includes any electronic log device (ELD) data.

92.     All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision, to include all existing daily inspection reports for the tractor and trailer involved in this collision for six (6) months prior to the collision and six (6) months after the collision.

93.     All existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the above collision for six (6) months prior to the collision and six (6) months after the collision.

94.     All annual inspection reports for the tractor and trailer involved in the above collision, covering the date of the collision.

95.     Photographs, video, computer generated media, or other recordings depicting the subject wreck, the interior and/or exterior of vehicles involved in this collision, the collision

scene, or relating to any equipment or things originally located at or near the site of the occurrence.

96.     Any lease contracts or agreements covering the driver, or the tractor or trailer involved in this collision.

97.     Any interchange agreements regarding the tractor or trailer involved in this collision.

98.     Any computer data from the tractor or trailer to include but not be limited to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, ELD (electronic logging device), Vehicle Control Unit, Event Data Reporter, Sensing and Diagnostic Module or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

99.     Your driver's electronic hours of service logging device for thirty (30) days prior to the collision and thirty (30) days after the collision.

100.     Any post-collision maintenance, inspection, or repair records or invoices in regard to the tractor and trailer involved in the above collision.

101.     Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

102.     All records and/or photographs (including all records and fields and other similar materials), containing any reference to and/or information about or related to company safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver(s), this truck, and this trailer.

103.     Any drivers' manuals, guidelines, rules or regulations given to your drivers, or to the driver involved in this collision.

104.     Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision at any time.

105.     Any Department of Transportation or Public Service Commission reports, memos, notes or correspondence concerning the driver, or the tractor or trailer involved in this collision.

106.     All records of any communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device sent and received by Defendant.

    a.   Include the bills for the devices for seven (7) days before, the day of, and seven (7) days after the collision regarding.

107.    All records or recordings in any form of computer, electronic, or e-mail messages created in the first forty-eight hours immediately after the incident, by and between the defendant and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident.

    a.   All computer-generated messages which relate to this particular incident, whether generated or received by you or your agents.

108.    All correspondence and documents regarding any safety issue for the driver to include but not be limited to the initiation, investigation and final conclusion of any:

(1) warning letters,
(2) targeted roadside inspections
(3) any document that stated the driver was unfit.

109.    All correspondence and documents regarding any safety issue for the company to include but not be limited to the initiation, investigation and final conclusion of any:

(1) any off-site investigation,
(2) any on-site investigation,
(3) any cooperative safety plan,
(4) any notice of violation,
(5) any notice of claim/settlement agreement,
(6) any document that stated the company was unfit, and
(7) any document that the company was to be subjected to targeted roadside inspections.

110.    Any document that found the driver or the company deficient in any BASIC (Behavior Analysis and Safety Improvement Categories) category required by the FMCSA.

111.    The BASIC measurements for the trucking company and driver for the three years prior to the collision.

112.    Any correspondence regarding the company or the driver objecting to, or asking for a correction of, any BASIC measurement or FMCSA intervention.

113.    The Pre-Employment Screening Program (PSP) report on the driver for each month for the three years prior to the collision.

114.    Copy of the carrier profile maintained by MCMIS (Motor Carrier Management Information System) for the three years prior to the collision.

115.    All truck company logs of activity (both in paper and electronic formats) on its or any retained third party computer systems and networks that have or may have been used to process or store electronic data containing information about or related to safety and safety policies, the collision, the driver(s), the truck, the trailer, witnesses to the collision, the plaintiff(s), the load, the facts of the collision, preventability determinations, GPS data, Hours of Service (HOS) data, dispatcher data for this driver(s), this truck, and this trailer.

116.    All information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, e.g., Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N.Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); Gates Rubber Co. v. Bando Chemical Indus., Ltd., 167 F.R.D. 90, 112 (D. Colo. 1996; mirror-image copy of everything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and Northwest Airlines, Inc. v. Teamsters Local 2000, 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an illegal "sick-out" on the Internet).

Please provide:

   a.   All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or external drives and/or external storage devices used by your computers and their backup media (e.g., other USB drives, DVD's, CD-ROMs, etc.) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, all of your e-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the workstation of each employee and/or agent in your employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. Further, any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives

retained by you and no longer in service, but in use at any time from May 14, 2021to the present.

You are also not to pack, compress, purge or otherwise dispose of files and parts of files unless a true and correct copy of such files is made.

All passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

b. **Business Records:** All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.

c. **Online Data Storage on Mainframes and Minicomputers:**  With regard to online storage and/or direct access storage devices attached to your mainframe computers and/or minicomputers: any electronic data files, "deleted" files and file fragments existing at the time of this letter's delivery.

d. **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:**  With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of this letter's delivery, contained any electronic data meeting the criteria listed above: You are to stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with their computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether computer systems.

117.    All e-mails, and information about e-mails (including message contents, header information and logs of e-mail system usage) sent or received by the driver and co-driver (if applicable) involved in the collision for period of time involving the collision and the seven (7) days before and after the collision.

118.    **Evidence Created Subsequent to this demand:**  With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and you are to take whatever steps are appropriate to avoid destruction of evidence.

## <u>AFFIDAVIT OF COMPLETENESS</u>

The following affidavit is provided in accordance with the New Jersey Supreme Court Rule of Civil Practice 4:18-1(c).

My name is _____, my position is _____, and I hereby aver and attest upon my oath on behalf of _____ that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further aver and attest that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others.

I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

The following is a list of the identity and source of knowledge of those who provided information to me:

1. Name:

   Source of Knowledge:


2. Name:

   Source of Knowledge:


3. Name:

   Source of Knowledge:


4. Name:

   Source of Knowledge:


5. Name:

   Source of Knowledge:

   **I aver and attest that all of the above information is true to the best of my knowledge, and I understand that if any of the information is willfully untrue and misleading, I may be subject to punishment.**

   <u>Signature</u>: _____

Date:

   <u>Print Name</u>: _____

## <u>CERTIFICATION OF ACKNOWLEDGEMENT</u>

**State of New Jersey**

**County of**

**_____ ,**

**On _____20___ before _____ , Notary Public in and for said**

(Notary's Name Print)

**county, personally appeared _____ , _____ ,**

(Signer/Witness)                          (Signer/Witness)

**Who has/have satisfactorily identified him/her/themselves as the signer(s) or/witness(es) to**

**the above-referenced documents in regard to the case of George Dixon v A G Truck**

**Logistics, LLC et al.**

(*Notary Stamp Here*)

My commission Expires _____ : _____

Signature                                        Date

## **LITIGATION HOLD NOTICE OF PRESERVATION OF CELL PHONE DATA**

**DEFENDANT, BENJAMIN F. LEWIS, JR., IS HEREBY PUT ON NOTICE TO REQUEST IN WRITING AND DO ALL THINGS NECESSARY TO REQUIRE THAT ANY AND ALL CELLULAR PHONE PROVIDERS PRESERVE ALL RECORDS SHOWING TEXT DATA, MESSAGING AND CELL PHONE USAGE ON ANY AND ALL CELLULAR PHONES USED, OWNED, OR ASSIGNED TO DEFENDANT ON MAY 14, 2021.**

DEFENDANT IS FURTHER NOTIFIED TO PRESERVE ALL CELLULAR PHONES, HARD DRIVES OF SAID CELLULAR PHONES OWNED, LEASED, ASSIGNED TO OR USED BY DEFENDANT ON THE DATE OF THE COLLISION COMPLAINED OF IN THE WITHIN COMPLAINT.