Johan A. Obregon, Esq. (Id. # 006972010)
**KERLEY, WALSH, MATERA & CINQUEMANI, P.C.**
200 Sheffield Street, Suite 208
Mountainside, New Jersey 07092
Tel: (908) 264-7361
Fax: (866) 490-8940
Email: jobregon@kerleywalsh.com
*Attorneys for Defendants*
A G TRUCK LOGISTICS, LLC and BENJAMIN F. LEWIS, JR.
Our File No.: 24742

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE DIXON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>A G TRUCK LOGISTICS, LLC, BENJAMIN F. LEWIS, JR., JOHN DOES I-X (said names being fictitious, true names presently unknown), ABC CORPORATION I-X (said names being fictitious, true names presently unknown), and XYZ EMPLOYER I-X (said names being fictitious, true names presently unknown),<br><br>　　　　　Defendants. | DOCUMENT FILED ELECTRONICALLY<br><br>Civil Action No. 1:22-cv-03381<br><br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND DEMAND TO PRESERVE EVIDENCE** |

Defendants, A G TRUCK LOGISTICS, LLC and BENJAMIN F. LEWIS, JR., by and through their attorneys, Kerley, Walsh, Matera & Cinquemani, P.C., by way of an Answer to plaintiff's Complaint, upon information and belief, says:

**AS AND FOR A RESPOSNE TO**
**THE JURISDICTION & VENUE**

1.　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "1" of the Jurisdiction & Venue section of the Complaint and leaves plaintiff to his proofs.

2. Admitted.

3. Admitted.

4. The statements contained in the paragraph designated "4" of the Jurisdiction & Venue section of the Complaint are conclusions of law and as such, a response is not required. To the extent that a response is required, upon information and belief, admitted.

5. The statements contained in the paragraph designated "5" of the Jurisdiction & Venue section of the Complaint are conclusions of law and as such, a response is not required. To the extent that a response is required, upon information and belief, admitted.

### AS AND FOR A RESPOSNE
### TO THE PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "1" of the Parties section of the Complaint and leaves plaintiff to his proofs.

2. Defendants admit that defendant, A G Truck Logistics, LLC is a limited liability Company with a principal place of business located in the State of New Jersey. Defendants deny any and all other allegations contained in the paragraph designated "2" of the Parties section of the Complaint.

3. Admitted.

### AS AND FOR A RESPOSNE
### TO THE FIRST COUNT

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "4" [sic] of the First Count of the Complaint and leaves plaintiff to his proofs.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "2" of the First Count of the Complaint and leaves plaintiff to his proofs.

3. Defendants admit that on May 14, 2021, defendant, Benjamin F. Lewis, Jr. was the operator of a certain 2006 Mack tractor, which was owned by defendant, A G Truck Logistics, LLC, and that he was operating said tractor with the permission of, and in the course and scope of his employment with defendant, A G Truck Logistics, LLC, on the New Jersey Turnpike. Defendants deny any and all other allegations contained in the paragraph designated "3" of the First Count of the Complaint.

4. The statement contained in the paragraph designated "4" of the First Count of the Complaint are conclusions of law to which no response is required. To the extent a response is required, defendants deny the allegations contained in the paragraph designated "4" of the First Count of the Complaint.

5. Defendants deny the allegations contained in the paragraph designated "5" of the First Count of the Complaint.

6. The statement contained in the paragraph designated "6" of the First Count of the Complaint are conclusions of law to which no response is required. To the extent a response is required, defendants deny the allegations contained in the paragraph designated "6" of the First Count of the Complaint.

7. Defendants deny the allegations contained in the paragraph designated "7" of the First Count of the Complaint.

8. Defendants deny the allegations contained in the paragraph designated "8" of the First Count of the Complaint.

**WHEREFORE**, defendants, A G TRUCK LOGISTICS, LLC and BENJAMIN F. LEWIS, JR., demand judgment against plaintiff, dismissing the Complaint, along with any and all crossclaims, with prejudice, together with attorneys' fees, cost of suit, and all other relief this Court deems just and equitable.

## AS AND FOR A RESPOSNE TO THE SECOND COUNT

1. Defendants repeat, reiterate, and reallege their responses to each and every allegation contained in the previous paragraphs and makes them a part hereof as though set forth at full length herein in response to paragraph designated "1" of the Second Count of the plaintiff's Complaint.

2. Defendants deny the allegations contained in the paragraph designated "2" of the Second Count of the Complaint.

3. There is no paragraph designated "3" in the Complaint to which to respond to.

4. Defendants deny the allegations contained in the paragraph designated "4" of the Second Count of the Complaint.

5. Defendants deny the allegations contained in the paragraph designated "5" of the Second Count of the Complaint.

6. Defendants deny the allegations contained in the paragraph designated "6" of the Second Count of the Complaint.

**WHEREFORE**, defendants, A G TRUCK LOGISTICS, LLC and BENJAMIN F. LEWIS, JR., demand judgment against plaintiff, dismissing the Complaint, along with any and all crossclaims, with prejudice, together with attorneys' fees, cost of suit, and all other relief this Court deems just and equitable.

## AS AND FOR A RESPOSNE
## TO THE THIRD COUNT

1. Defendants repeat, reiterate, and reallege their responses to each and every allegation contained in the previous paragraphs and makes them a part hereof as though set forth at full length herein in response to paragraph designated "1" of the Third Count of the plaintiff's Complaint.

2. Defendants deny the allegations contained in the paragraph designated "2" of the Third Count of the Complaint.

3. Defendants deny the allegations contained in the paragraph designated "3" of the Third Count of the Complaint.

**WHEREFORE**, defendants, A G TRUCK LOGISTICS, LLC and BENJAMIN F. LEWIS, JR., demand judgment against plaintiff, dismissing the Complaint, along with any and all crossclaims, with prejudice, together with attorneys' fees, cost of suit, and all other relief this Court deems just and equitable.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted and defendants reserve the right to move at or before the time of trial to dismiss same.

## SECOND SEPARATE DEFENSE

There is a lack of *in personam* jurisdiction over the defendants because there is insufficiency of process and insufficiency of service of process. The exercise of such jurisdiction over the answering defendants is, therefore, in violation of the answering defendants' rights under

the Constitutions of the State of New Jersey and the United States of America and the answering defendants reserve the right to move for dismissal of the pleading.

### THIRD SEPARATE DEFENSE

The plaintiff has failed to issue process within the time required by law and the answering defendants are entitled to a dismissal of the action.

### FOURTH SEPARATE DEFENSE

The claims of the plaintiff are barred by the entire controversy doctrine.

### FIFTH SEPARATE DEFENSE

The claims of the plaintiff are barred as a matter of law because of the doctrine of collateral estoppel.

### SIXTH SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including but not limited to the statute of limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the plaintiff and accordingly, the plaintiffs' claims are barred as a matter of law.

### SEVENTH SEPARATE DEFENSE

The plaintiff was guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

### EIGHTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over which the answering defendants had no control.

### NINTH SEPARATE DEFENSE

The plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### TENTH SEPARATE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable provisions of the Comparative Negligence Act and the N.J.S.A. 2A:15-5.1, et. seq.

### ELEVENTH SEPARATE DEFENSE

The damages of the plaintiff, if any, are limited by the doctrine of avoidable consequences.

### TWELFTH SEPARATE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency independent of the answering defendants which bars plaintiff's causes of action.

### THIRTEENTH SEPARATE DEFENSE

The claim asserted is one for personal injury or death and the answering defendants are, therefore, entitled to the benefit of collateral source payments received by the plaintiff pursuant to N.J.S.A. 2A:15-97.

### FOURTEENTH SEPARATE DEFENSE

The incident which forms the basis of this litigation, and which allegedly caused injuries and damages to the plaintiff was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the answering defendants and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties to this litigation. Accordingly, the answering defendants seek an adjudication of the percentage of fault of the plaintiff and each and every other person whose fault contributed to the incident.

### FIFTEENTH SEPARATE DEFENSE

The incident in question was caused by an intentional, wanton and malicious act of a third party, which act could not have been foreseen by the answering defendants.

### SIXTEENTH SEPARATE DEFENSE

Defendants did not breach any duty owed to plaintiff.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his/her damages.

### EIGHTEENTH SEPARATE DEFENSE

Defendants are only liable for the percentage of negligence, if any, found by the finder of fact pursuant to N.J.S.A. 2A:15-5.3.

### NINETEENTH SEPARATE DEFENSE

The conduct of the answering defendants was not the proximate cause of plaintiff's alleged damages.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are limited by a Verbal Threshold and plaintiff is not permitted recovery with respect to non-permanent personal injuries.  N.J.S.A. 39:8A-1 *et. seq*.

### TWENTY-FRIST SEPARATE DEFENSE

Defendants were not guilty of any negligence.

### TWENTY-SECOND SEPARATE DEFENSE

If the plaintiff suffered damages, the same were caused by the plaintiff's sole negligence.

### TWENTY-THIRD SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control of fault of the answering defendant.

**TWENTY-FOURTH SEPARATE DEFENSE**

If plaintiff suffered damages, the same were caused by the negligence, breach of contract or breach of express or implied warranty of the co-defendants, jointly, severally, or in the alternative.

**TWENTY-FIFTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by reason of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq.

**TWENTY-SIXTH SEPARATE DEFENSE**

Plaintiff's claim for liquidated monetary damages is barred or limited by the New Jersey Automobile Reparation Reform Act, N.J.S.A 39:6A, et seq.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Defendants were confronted with a sudden emergency under the existing circumstances.

**TWENTY-EIGTH SEPARATE DEFENSE**

Upon information and belief, plaintiff failed to use, or misused, a seat belt, thereby contributing to the alleged injuries and under the applicable law plaintiff may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

**TWENTY-NINTH SEPARATE DEFENSE**

Any past or future costs or expenses incurred, or to be incurred, by the plaintiff for: ambulatory patient services such as doctor visits; emergency visits; hospitalization; maternity/newborn care; mental health services and substance use disorder services; prescription drug coverage; rehabilitative and habilitative services and devices; laboratory tests and services; preventative and wellness services including the management of chronic diseases; and pediatric medical services, have been or will, with reasonable certainty, be paid or indemnified, in whole or

in part, from The Patient Protection Affordable Care Act ("ACA").  The ACA and its Individual Mandate, codified at 26 USC §5000A, requires that all Americans purchase and maintain health insurance.

If any such damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from ACA.

### THIRTIETH SEPARATE DEFENSE

Plaintiff's claims are barred pursuant to 49 U.S.C. §30106, et seq.

### THIRTY-FIRST SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages in this action.

### THIRTY-SECOND SEPARATE DEFENSE

Punitive damages are not applicable in this action.

### THIRTY-THIRD SEPARATE DEFENSE

The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to the Defendants' conduct under the United States Constitution, and thus, violates the Due Process Clause of the Fourteenth Amendment, U.S. Const., Amend. XIV, Section 1, and the Due Process Clauses of the New Jersey State Constitution.

### THIRTY-FOURTH SEPARATE DEFENSE

Defendants reserve the right to amend this Answer and to assert additional defenses and/or otherwise supplement, alter or change this Answer upon the completion of further investigation or discovery.

**WHEREFORE**, defendants, A G TRUCK LOGISTICS, LLC and BENJAMIN F. LEWIS, JR., demand judgment against plaintiff, dismissing the Complaint, along with any and all

crossclaims, with prejudice, together with attorneys' fees, cost of suit, and all other relief this Court deems just and equitable.

## JURY DEMAND

Defendants hereby demand a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R. 4:25-4, Johan A. Obregon, Esq. (#006972010), is designated as trial counsel.

## DEMAND TO PRESERVE EVIDENCE

Plaintiff is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's cause of action and/or the defenses hereto, employment, medical and injury history, and any other relevant evidence including but not limited to electronic data, closed circuit TV footage, any video images, digital images, computer images, cache memory, searchable data, emails, text messages, call history, online social, work, and related websites, entries and posts on social networking sites (including but not limited to Facebook, Twitter, Instagram, SnapChat, YouTube, TikTok, etc.), and any other information, data, things, and/or documents which may be relevant to any claim or defense in this litigation.  Failure to do so will result in claims for spoliation of evidence, adverse inferences and other permitted relief.

## NOTICE OF ALLOCATION

Pursuant to the New Jersey Civil Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991), the answering defendants hereby advises that if any co-defendant settles the within matter with the plaintiff at any time prior to the conclusion of trial, the liability of any settling party shall remain an issue and answering defendants shall seek an allocation and/or percentage of negligence by the

finder of fact against any such settling party, and/or a credit in favor of answering defendants consistent with such allocation.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that, pursuant to Rule 4:5-1: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated; and (3) no other necessary party to be joined in the subject litigation is presently known. I further certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R:1:38-7(c).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me a willfully false, I am subject to punishment.

Dated: June 30, 2022

                                              KERLEY, WALSH, MATERA
                                              & CINQUEMANI, P.C.

By:    */s/ Johan A. Obregon*
        JOHAN A. OBREGON, ESQ.
        200 Sheffield Street, Suite 208
        Mountainside, New Jersey 07092
        (908) 264-7361
        jobregon@kerleywalsh.com
        *Attorneys for Defendants*
        A G TRUCK LOGISTICS, LLC and
        BENJAMIN F. LEWIS, JR.
        File No.: 24742

TO:    Michael Maggiano, Esq.
        MAGGIANO, DiGIROLAMO & LIZZI, P.C.
        201 Columbia Avenue
        Fort Lee, New Jersey 07024
        *Attorneys for Plaintiff*
        GEORGE DIXON

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to Complaint has been e-filed with the Clerk of the Court, United States District Court for the District of New Jersey. Further, the Answer to Complaint was mailed by first class mail, postage prepaid on this June 30, 2022, upon:

Michael Maggiano, Esq.
MAGGIANO, DiGIROLAMO & LIZZI, P.C.
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585 -9111
*Attorneys for Plaintiff*
GEORGE DIXON

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 30, 2022

                                                    KERLEY, WALSH, MATERA
                                                    & CINQUEMANI, P.C.

By:   */s/ Johan A. Obregon*
         JOHAN A. OBREGON